**Daniel Allen TEMPLE, Plaintiff and Appellant,**

v.

**Samuel W. SMITH, Warden, Utah State Prison, Defendant and Respondent.**

**No. 14232.**

Supreme Court of Utah.

April 20, 1976.

---

James T. Massey, Salt Lake County Bar Legal Services, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

HENRIOD, Chief Justice:

Appeal from the dismissal of a habeas corpus petition. Affirmed.

Petitioner was committed to State Prison in *December 1969* after conviction on two grand larceny counts. Nearly three years later, on *September 27, 1972,* he was given by the Board of Pardons a prospective parole effective *March, 1974,*—a year and a half later,—conditioned on good behavior at a so-called Odyssey House, a rehabilitation center, or sort of Halfway House. After he was given this chance outside the prison walls, he accommodated himself and embarassed the Warden and the Board by escaping (on his own written admission) some five months later, and, after being arrested in Texas, under an alias for car theft, was returned to the Utah Prison after everyone found out who he was,—and after he overstayed the leave granted by his benefactors beyond even the prospective parole release date. After he was returned, the Board rescinded the prospective release date.

Temple now urges that he should have been given the red carpet treatment of a parole—which he was not accorded,—either *before* or *after* the prospective date, demanding that he should have had a hearing with written notice, disclosure of evidence against him, an opportunity to be heard and present evidence, before a neutral body, with findings of fact, preliminary hearing, right of counsel, ad infinitum, under a couple of cases that are complete strangers to this case.[1] All these things are claimed as falling within some sort of constitutional rights, by an aliased convicted felony escapee.

All this adds up to two conclusions: 1) That this appeal appears to be frivolous and 2) that the concepts of constitutional rights and due process and liberty and victimization of citizens and the like, need a re-examination.

ELLETT, CROCKETT and TUCKETT, JJ., concur.

MAUGHAN, J., concurs in the result.

---

1. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v.* *Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).